IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANANT KUMAR TRIPATI, | ) | |
|---|---|---|
| | ) | Civil Action No. 2: 13-cv-00830 |
| Plaintiff, | ) | |
| | ) | Terrence F. McVerry, |
| v. | ) | United States District Judge |
| | ) | |
| MARK W. HALE, et al | ) | Cynthia Reed Eddy, |
| | ) | United States Magistrate Judge |
| Defendants. | ) | |

**REPORT & RECOMMENDATION**

**I.  Recommendation**

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

**II.  Report**

Plaintiff, Anant Kumar Tripati, is a state prisoner currently incarcerated at the Arizona State Prison, in Tucson, Arizona. He commenced this action on June 19, 2013, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a civil rights complaint (ECF No. 1-1). On July 10, 2013, the Motion for Leave to Proceed *in forma pauperis* case was dismissed and the case administratively closed because Plaintiff had failed to submit an affidavit and trust fund account statement as required by 28 U.S.C. § 1915(a)(2).

On July 23, 2013, Plaintiff filed a second Motion for Leave to Proceed *in forma pauperis* (ECF No. 3), with attached affidavit, trust fund account statement, and filed an authorization permitting withdrawal of prison account funds (ECF No. 4).

In his Complaint, Plaintiff complains that Defendants have acted with deliberate indifference by "delaying / denying" him treatment for his serious medical needs. Specifically, he complains, *inter alia,* that Defendants have policies and practices which are "designed to cut costs and save money spent on health care to prison inmates having the effect of denying / delaying health care and not providing care in accordance with the constitution / contracts and their policies." Complaint, at ¶ 24ai.

The Court takes judicial notice of the fact that Plaintiff has "three strikes" within the meaning of 28 U.S.C. § 1915(g),[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and court records indicate that Plaintiff has had at least three prior actions dismissed that count as strikes. *See Tripati v. Brewer*, Civil Action No. 10-cv-

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

00429 (D. Ariz.) ("The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a strike under 28 U.S.C. § 1915(g)") (Docket entry - ECF No. 18); *Tripati v. Felix*, Civil No. 05-cv-0762 (D. Ariz.) ("The Complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii)")(Docket Entry - ECF No. 4); *Tripati v. Currier*, Civil Action No. 00-cv-2051 (D. Ariz.) "(the Complaint and action are dismissed for failure to state a claim purs to 28 USC 1915(g)")) (Docket Entry - ECF No. 6).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman,* 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman,* 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fails to indicate any imminent danger of physical injury caused by Defendants' alleged misconduct. His claims regarding his disagreement with

the medical care he is receiving do not meet the imminent danger requirement. Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this action.

## III. Conclusion

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Petitioner is allowed until August 12, 2013, to file objections to this Report and Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: July 25, 2013.

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: ANANT KUMAR TRIPATI
102081
Arizona State Prison
Post Office Box 24401
Tucson, AZ 85734
*Via U.S. Postal Mail*