IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANANT KUMAR TRIPATI, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2: 13-cv-00830 |
| | ) |
| v. | ) United States District Court Judge |
| | ) Terrence F. McVerry |
| MARK W. HALE, DARIUS HOLMES, | ) |
| DANIEL L. CONN, ELAINE J. GEDMAN, | ) United States Magistrate Judge |
| JOHN M. FROEHLICH, THOMAS M. | ) Cynthia Reed Eddy |
| LEHMAN, WEXFORD HEALTH | ) |
| SOURCES, INC.; INSURANCE | ) |
| COMPANIES ONE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On June 19, 2013, the above captioned case was filed in this court and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on July 25, 2013 (ECF No. 5) recommending that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) be denied and that Plaintiff be required to pay the full $350.00 statutory filing fee, plus an administrative filing fee in the amount of $50.00, for a total of $400.00,[1] because he is subject to the "three-strikes"

---

[1] As of May 1, 2013, the Judicial Conference of the United States added a $50.00 administrative fee to all civil actions (excluding habeas) filed on or after that date. This fee does not apply to persons granted IFP status. Thus, the filing fee remains $350.00 when a motion to proceed IFP is approved. However, when IFP status is denied, the plaintiff is assessed the full $400.00 filing fee.

1

rule under 28 U.S.C. § 1915(g) and has not met the imminent danger exception. Plaintiff was served with the Report and Recommendation at his listed address and has filed timely objections to the Report and Recommendation (ECF No. 6). In his objections, Plaintiff does not dispute that he is subject to the "three-strikes" rule; rather, he disputes the conclusion of the Magistrate Judge that he has failed to allege imminent danger of serious physical injury.

There is no question that Plaintiff has accrued at least three strikes under § 1915(g)'s three-strike rule.[2] In fact, Plaintiff is currently subject to a pre-filing order issued by the United States Court of Appeals for the Ninth Circuit, *In re Tripati,* No. 93-80317 (9th Cir. May 21, 2010).[3]

---

[2] *See Tripati v. Brewer*, Civil Action No. 10-cv-00429 (D. Ariz.) ("The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a strike under 28 U.S.C. § 1915(g)") (Docket entry - ECF No. 18);
*Tripati v. Felix*, Civil Action No. 05-cv-0762 (D. Ariz.) ("The Complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii)")(Docket Entry - ECF No. 4);
*Tripati v. Schriro*, Civil Action No. 04-cv-02228 (D.Ariz.) ("the Complaint and this action are dismissed for failure to state a claim pursuant to 28 USC section 1915A; . . . the Clerk of Court shall make an entry on the docket indicating that dismissal for failure to state a claim falls within the purview of 28 USC section 1915(g).";
*Tripati v. Currier*, Civil Action No. 00-cv-2051 (D. Ariz.) ("the Complaint and action are dismissed for failure to state a claim pursuant to 28 USC 1915(g)")) (Docket Entry - ECF No. 6);
*Tripati v. Funkhouser*, Civil Action No. 97-cv-00021 (D. Ariz.) ("the amd cmp and this action are dismissed for failure to state a claim, falling w/in purview of 28 USC 1915(g)") (Docket Entry - ECF No. 11).

[3] On June 3, 2011, Plaintiff requested that the court of appeals vacate the pre-filing review order. The appellate court denied the request explaining that Plaintiff's "lengthy history of filing frequent appeals and petitions, 11 of which were rejected by this court between 1993 and 2001, . . . weigh against lifting the order at this time. . . . No motions for reconsideration, rehearing, clarification, stay of the mandate, or any other submissions regarding this order shall be filed or entertained." ECF No. 83, June 28, 2011 (No. 93-80317).

Plaintiff argues that he satisfies the "imminent danger" requirement for a litany of reasons. First, he claims that he has a "right renal cyst" which causes him "unbearable pain" and that while "a nephrologist ordered a ultrasound be done and then Tripati be re-examined, defendants have failed to do so, . . . function[ing] as specialists inspite of their not having the board certification and specialized training needed to be a nephrologist;" Complaint at ¶¶ 11j and 12a.

Next, he claims that he has "serious cardiology issues" and although he had an EKG, it was flawed. Complaint at ¶¶ 12b and 12c.

Third, he claims that "effective July 1, 2012, [defendants] changed his medications, resulting in him suffering from severe shakes, tremors, inability to walk, sleep, urinate, difficulty with bowel movements, pain that is unbearable." Plaintiff also alleges that Defendants refused to adjust his medication frequency and dosage, resulting in his condition worsening. Complaint at ¶¶ 12d, 12e.[4]

Fourth, Tripati claims that although he has "serious urology problems," Defendants have refused to send him to an urologist. Complaint at ¶ 12m.

Fifth, Tripati claims that he has "serious allergy problems," and rather than "having Tripati re-examined by an allergist, defendants, though not specialists in allergies, performed the allergy specialist function." Complaint at ¶ 12n;

---

[4] The Complaint also states, however, that in "May 2013 the meds were adjusted to pre-Wexford levels and Tripati's pain has subsided." Complaint at ¶ 12f. "The danger must be imminent at the time the complaint is filed." *Brown*, 486 F. App'x at 299 (citing *Abdul-Akbar*, 239 F.3d at 312).

Lastly, Tripati claims that he receives generic medications instead of brand name medications and that Defendants refuse to renew prescriptions in a timely manner, although they are "fully aware of the adverse impact the delays have on the immune system." Complaint at ¶ ¶ 12m-12q, inclusive.

" 'Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger' of serious physical injury." *Ball v. Famiglio,* Nos. 12-1067/2604 (slip op. at 39) (3d Cir., Aug. 9, 2013) (*quoting Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2008). *Pro se* allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants. *Gibbs v. Roman*, 116 F.3d 83, 8 & n.6 (3d Cir. 1997), *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). This standard does not require district courts to accept "allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998)[5]; see also *Ball v. Famiglio*, Nos. 12-1067/2604, slip op. at 44, n. 32 (3d Cir. Aug. 9, 2013).

The United States Court of Appeals for the Third Circuit has recognized that the denial of appropriate medical care may, under certain circumstances, present an "imminent danger" sufficient to create an exception to the three-strikes policy and allow a prisoner to proceed IFP. *See, e.g., Brown v. Secretary of Pennsylvania Department of Corrections,* 486 F. App'x 299 (3d Cir. 2012); *Williams v. Forte*, 135 F. App'x 520 (3d Cir. 2005).

---

[5]  The Magistrate Judge did not conclude that Plaintiff's allegations rise to that level; rather, the Magistrate Judge recommended that Plaintiff's allegations were not sufficient to invoke the exception contained in § 1915(g).

4

Upon review of the Complaint, the Court finds that Plaintiff does not dispute that he is receiving medical attention, but merely disputes the findings and quality of the treatment he is receiving. A fair reading of the Complaint indicates that its primary focus is that Defendants are not addressing Plaintiff's chronic pain and medical issues in the way he believes they should be addressed. The allegations of the Complaint clearly indicate that Plaintiff has been seen by the medical staff at the Arizona State Prison. Consequently, the essence of Plaintiff's complaint is that he disagrees with the quality of the medical care he is receiving from the medical staff at the Arizona State Prison who, by his own admission, have examined him on numerous occasions. Such allegations are insufficient to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). *See Ball v. Famiglio, Nos. 12-1067/2604,* slip op. at 41 (3d Cir. Aug. 9, 2013) (allegations representing disagreements about the quality of the medical care prisoner is receiving which, even if true, are not sufficient to support an imminent danger claim); *Brown v. Beard*, 492 F. Supp.2d 474, 478 (E.D. Pa. 2007) (prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions).

Accordingly, because Plaintiff has three strikes against him, and has failed to allege he is in imminent danger of serious physical injury, the Court will deny Plaintiff's Motion to Proceed In Forma Pauperis.[6]

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the objections thereto, the following Order is entered:

---

[6] It is important to note that § 1915(g) does not block a prisoner's access to the federal courts. It only denies the prisoner of the privilege of filing before he has acquired the necessary filing fee. The prisoner is still required to pay the costs of his or her action, paying an initial partial fee

**AND NOW**, this 12th day of August, 2013, it is hereby **ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 1) is **DENIED** in accordance with 28 U.S.C. § 1915(g);

It is further **ORDERED** that this action is **DISMISSED** without prejudice to Plaintiff's right to reopen by paying the full $350.00 statutory filing fee, plus an administrative filing fee in the amount of $50.00, for a total of $400.00;

It is further **ORDERED** that the Report and Recommendation (ECF No. 5) dated July 25, 2013, is **ADOPTED** as the opinion of the Court.

It is further **ORDERED** that the Clerk of Court mark this case **CLOSED.**

And it is further **ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a Notice of Appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

s/ Terrence F. McVerry
Terrence F. McVerry
United States District Judge

cc: ANANT KUMAR TRIPATI
102081
Arizona State Prison
Post Office Box 24401
Tucson, AZ 85734

---

followed by installment payments until the entire fee is paid. *Ball v. Famiglio*, slip op. at 6, n. 1.